UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AFFORDABLE BIO FEEDSTOCK INC.
and AFFORDABLE BIO FEEDSTOCK
OF PORT CHARLOTTE, LLC,

    Plaintiffs,

v.　　　　　　　　　　　　　　　　　Case No: 6:18-cv-2129-Orl-37TBS

UNITED STATES OF AMERICA,

    Defendant.

## ORDER

This case comes before the Court without a hearing on Defendant the United States of America's Unopposed Motion to Stay Discovery (Doc. 46). Defendant argues that a stay of discovery on its pending motion to dismiss is appropriate because the Court's decision will eliminate the need for any discovery or dictate what discovery will be required (Id., at 2).

The Court has the inherent power to control its docket and manage its cases including by staying discovery. Perez v. Miami-Dade Cty., 297 F.3d 1255, 1263 (11th Cir. 2002); The Andersons, Inc. v. Enviro Granulation, LLC, Case No. 8:13-cv-3004-T-33MAP, 2014 WL 4059886, at *2 (M.D. Fla. Aug. 14, 2014). The Eleventh Circuit has "emphasized the responsibility of trial courts to manage pretrial discovery properly in order to avoid a massive waste of judicial and private resources and a loss of society's confidence in the courts' ability to administer justice." Perez, 297 F.3d at 1263 (internal quotation marks omitted). "Granting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility." Rivas v. The Bank of New York Melon, 676 F. App'x 926, 932 (11th Cir. 2017).

But, "there is no general rule that discovery be stayed while a pending motion to dismiss is resolved." Reilly v. Amy's Kitchen, Inc., No. 13-21525-CIV, 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013); Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988) ("Such motions are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems."). Ordinarily in this district "the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion." Middle District Discovery (2015) at 5.[1] "Such motions for stay are rarely granted." Id.

The party seeking to stay discovery has the burden of showing good cause and reasonableness. Holsapple v. Strong Indus., Case No. 2:12-cv-355-UA-SPC, 2012 U.S. Dist. LEXIS 128009, at *2 (M.D. Fla. Sept. 10, 2012); S.D. v. St. Johns Cnty. Sch. Dist., Case No. 3:09-cv-250-J-20TEM, 2009 U.S. Dist. LEXIS 97835, at * 4-5 (M.D. Fla. Oct. 1, 2009) (citing to Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)); McCabe v. Foley, 233 F.R.D. 683, 687 (M.D. Fla. 2006). In deciding whether there is good cause and that a stay is reasonable the district court:

> [M]ust balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

---

[1] The Court has recommended certain practices and procedures that appear in the district's discovery handbook.

Simpson, 121 F.R.D. at 263; see also Koock v. Sugar & Felsenthal, LLP, No. 8:09-cv-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) ("In deciding whether to stay discovery pending resolution of a motion to dismiss ... the court must take a 'preliminary peek' at the merits of the dispositive motion to see if it 'appears to be clearly meritorious and truly case dispositive.'") (citing McCabe, 233 F.R.D. at 685).

This Court has reviewed Plaintiffs' First Amended Complaint (Doc. 27), the United States' Motion to Dismiss (Doc. 34), Plaintiffs' Opposition to Motion to Dismiss (Doc. 41) and Defendant's Reply to Opposition to Motion to Dismiss (Doc. 44). After considering the parties' arguments, this Court is not persuaded that there is "an immediate and clear possibility" that the motion to dismiss will dispose of this case in whole or in part. Consequently, good cause and reasonableness have not been established and the motion for a stay is **DENIED**.

If the parties believe discovery should be stayed until the Court rules on the motion to dismiss then they are free to make that agreement between themselves. However, they are reminded that August 16, 2019 is the deadline for Plaintiffs' expert witness disclosures; September 13, 2019 is the deadline for Defendant's expert witness disclosures; all discovery closes on December 13, 2019; and dispositive motions are due by January 15, 2020 (Doc. 39 at 3). The parties are also reminded that "[t]he deadlines established in [the Case Management and Scheduling Order] are purposeful and are not advisory" and that "the Court generally denies motions to extend such deadlines or to continue the proceedings." (Doc. 39 at 7).

**DONE** and **ORDERED** in Orlando, Florida on June 24, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record